08-3030-cv
Batlidze v. Harris Beach LLP

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19ᵗʰ day of January two thousand and ten.

PRESENT:

> AMALYA L. KEARSE,
> JOSÉ A. CABRANES,
> PETER W. HALL,
>     *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

KHATUNA BATLIDZE,

   *Plaintiff-Appellant,*

   v.                                          No. 08-3030-cv

HARRIS BEACH, LLP,

   *Defendant-Appellee.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PLAINTIFF-APPELLANT:**        KHATUNA BATLIDZE, *pro se*, New York, NY

**FOR DEFENDANT-APPELLEE:**        STEPHEN A. FUCHS, Littler Mendelson, P.C., New York, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (Denise L. Cote, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiff-appellant Khatuna Batlidze ("plaintiff"), *pro se*, appeals from a judgment of the District Court entered May 9, 2008 granting summary judgment to defendant-appellee Harris Beach, LLP ("defendant") on plaintiff's claims brought pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112 *et seq.* On appeal, plaintiff argues that the District Court failed to construe her submissions liberally in light of her *pro se* status and erred in granting summary judgment to defendant. We assume the parties' familiarity with the remaining factual and procedural history of the case.

We analyze claims brought pursuant to the ADA under the familiar burden-shifting analysis established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Regional Econ. Comty. Action Program, Inc. v. City of Middletown*, 294 F.3d 35, 48 (2d Cir. 2002). A plaintiff alleging disability discrimination bears the initial burden of establishing a *prima facie* case. *See Ryan v. Grae & Rybicki, P.C.*, 135 F.3d 867, 869 (2d Cir. 1998).

We agree with the District Court that plaintiff failed to establish a *prima facie* case of disability discrimination. *See Batlidze v. Harris Beach L.L.P.*, No. 05 Civ. 86, 2008 WL 2009385 (S.D.N.Y. May 8, 2008). Specifically, she failed to demonstrate that a vacant position existed to which she could have been transferred by defendant as an accommodation for her disability. *See Jackan v. New York State Dep't of Labor*, 205 F.3d 562, 566 (2d Cir. 2000) (holding that an ADA plaintiff seeking accommodation in the form of a transfer "bears the burden of establishing that a vacancy existed into which he or she might have been transferred"). Moreover, plaintiff failed to request a reasonable accommodation to perform the essential functions of her job or demonstrate that she could perform the essential functions of her job with or without a reasonable accommodation. *See* 29 C.F.R. § 1630.2(n)(2) (defining essential job functions); *Graves v. Finch Pruyn & Co.*, 457 F.3d 181, 184 (2d Cir. 2006) ("[G]enerally, it is the responsibility of the individual with a disability to inform the employer that an accommodation is needed." (internal quotation marks omitted)); *Jackan*, 205 F.3d at 566 (observing that "the plaintiff bears the burden of proving . . . that an accommodation exists that permits her to perform the job's essential functions." (alteration in original) (internal quotation marks omitted)).

Finally, to the extent that plaintiff raises new claims on appeal not pled in her complaint or presented to the District Court, we deem those claims waived. *See Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 103 (2d Cir. 2004) ("In general we refrain from passing on issues not raised below.").

## CONCLUSION

We have considered all of plaintiff's arguments and find them to be without merit. For the foregoing reasons, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

By _____

3